IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BING CHEN, *et al.*, | * | |
| Plaintiffs, | * | |
| | * | |
| v. | | Case No. TJS-23-1838 |
| | * | |
| COMMODORE MANAGEMENT COMPANY, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \*

**MEMORANDUM AND ORDER**

This case is assigned to me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). ECF No. 21. Pending before the Court is the Motion to Dismiss ("Motion") filed by Defendants Commodore Management Company, Inc. and Woodmont Park, Inc. ECF No. 22. Having considered the parties' submissions (ECF Nos. 22, 23 & 26), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, and construing the Motion to Dismiss as a motion to dismiss, or in the alternative to quash service of process, the Motion will be granted in part and denied in part. The Court will quash service and direct that Plaintiffs effect proper service on Defendants.

Plaintiffs are self-represented. They filed their Complaint on July 7, 2023. ECF No. 1. On July 19, 2023, the Court ordered Plaintiffs to submit a signed Complaint and completed summons forms to the Clerk. ECF No. 3. The Court's order instructed Plaintiffs that service of process on corporations and associations must be made in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Id.* at 2. The order warned Plaintiffs that they risked dismissal if they did not prove timely and proper service. *Id.* The Clerk issued summonses on July 28, 2023, and Plaintiffs filed proof that the summonses had been served shortly thereafter. ECF Nos. 5 & 6. Plaintiffs'

proof of service stated that a process server had served a "staff member" of both Commodore Management Company and Woodmont Park, Inc. at the same address, 1001 Rockville Pike, Suite 503, Rockville, Maryland 20852.

The Court issued a case management order on August 7, 2023. ECF No. 8. This order provided that the time to file motions was tolled until either all parties had filed written notice of their consent to proceed before a magistrate judge or the case was reassigned to a district judge. *Id.* On August 22, 2023, Defendants moved to dismiss for insufficient service of process. ECF No. 10. In the motion, Defendants argued that Plaintiffs failed to effectuate service of process on Defendants' Resident Agents in Maryland, as required by Rule 4 and Md. Rule 2-124(d). *Id.* The Court denied the motion without prejudice, citing the requirements of the case management order regarding the filing of motions. ECF No. 16.

On September 12, 2023, after the Clerk's office docketed a notice that the case was assigned to me for all proceedings under 28 U.S.C. § 636(c), Defendants refiled their Motion. ECF Nos. 22 & 23. In their Motion, Defendants argue that dismissal is warranted in light of Plaintiffs' failure to effectuate service. Defendants state that on August 3, 2023, Plaintiffs' process server "entered the Rental Office at Woodmont Park Apartments . . . and handed the summonses and complaint . . . to an employee working at the property." ECF No. 22-1 at 2. Defendants note that Plaintiffs' proof of service confirms the process server's actions on August 3. *Id.* Defendants state that "[n]o employee on site at Woodmont Park Apartments is authorized to accept service on behalf of Woodmont or Commodore." *Id.* Instead, the Resident Agent for both Defendants is CSC-Lawyers Incorporating Service Company, located at 7 Saint Paul Street, Suite 820, Baltimore, Maryland 21202. *Id.*

In response to the Motion, Plaintiffs argue that Defendants' "defense of insufficiency of service of process is essentially an assertion that their right to due process was violated due to improper notification." ECF No. 26. Plaintiffs misconceive Defendants' argument. Defendants do not argue that Plaintiffs' attempted service violated their due process rights. Instead, they argue that service does not comply with the plain requirements of the governing rules.

Plaintiffs also argue that they "properly served Defendants with the Summons and Complaint." *Id.* at 1. Again, Plaintiffs are incorrect. Under Rule 4, a corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e), or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h). Maryland Rule 2-124(d) provides: "Service is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer."

Here, Defendants have the same Registered Agents: CSC-Lawyers Incorporating Service Company, located at 7 Saint Paul Street, Suite 820, Baltimore, Maryland 21202. *See* ECF No. 22-1 at 3. Plaintiffs made no attempt to serve Defendants' Registered Agents. Nor did Plaintiffs serve Defendants' president, secretary, or treasurer. Instead, Plaintiffs' process server gave the Complaint and summonses to an unidentified "staff member" who was not authorized to accept service on behalf of Defendants.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) (citation omitted). Service of process is "fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344, 350 (1999). Failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *Lee v. Meyers*, No. ELH-21-1589, 2022 WL 252960, at *6 (D. Md. Jan. 27, 2022) (citing *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135-36 (4th Cir. 1984)). And pro se litigants must adhere to the Federal Rules of Civil Procedure. *See id.* (collecting cases).

"Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Id.* Thus, Plaintiffs bear the burden of showing that service has been properly effected. For the reasons stated in Defendants' Motion, Plaintiffs failed to properly effect service. Plaintiffs have not carried their burden under Rule 4.

Still, insufficient service of process does not always require dismissal. See *Lee*, 2022 WL 252960, at *6 (citing *Pugh v. EEOC*, No. DKC-13-2862, 2014 WL 2964415, at *3 (D. Md. June 30, 2014)). As the Fourth Circuit has said, "[w]here the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (internal citation and quotation marks omitted).

The Court will deny Defendants' Motion inasmuch as it seeks dismissal under Rule 4. The Court will, however, construe Defendants' Motion as a motion to quash service and will grant the motion to quash. Plaintiffs will be given one more opportunity to properly and timely effect service. If they fail to do so, the Court will dismiss their claims.

The Clerk shall mail two copies of a summons form to Plaintiffs, who must complete and return the forms to the Clerk within 21 days from the date of this Order. If Plaintiffs fail to timely return the completed summons forms, the Court will dismiss this case without further notice.

4

Once the properly completed summons forms are received, the Clerk is directed to issue the summonses and return the forms to Plaintiffs for service on Defendants. Plaintiff shall comply with Fed. R. Civ. P. 4 and Md. Rule 2-124 when effecting service on Defendants. Plaintiffs shall serve Defendants within 21 days from the date that Clerk returns the summons forms to Plaintiffs. Plaintiffs shall prove that service was effected in accordance with Rule 4(l). If Plaintiffs do not timely and properly serve Defendants, Defendants may file a motion to dismiss, which the Court will be inclined to grant.

The Court also notes that Plaintiffs have sought the appointment of counsel pursuant to 42 U.S.C. § 3613(b). ECF No. 26 at 2. Because there is limited precedent regarding the appointment of counsel under this section, the Court will employ the standard used to evaluate motions for appointment of counsel under an analogous statute, 28 U.S.C. § 1915(e)(1). *See Radcliffe v. Avenel Homeowners Ass'n, Inc.*, No. 7:07-CV-48-F, 2009 WL 10689811, at *1 (E.D.N.C. Mar. 31, 2009). "The court may request an attorney to represent any person" proceeding *in forma pauperis* who is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil actions, the Court appoints counsel only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In doing so, the Court considers "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (citations omitted), a*brogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read or write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008); *see also Altevogt v. Kirwan*, No. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012).

The Court concludes that this is not an exceptional case warranting the appointment of counsel. First, because Plaintiffs paid the full filing fee when they filed their Complaint, they are not eligible for the appointment of counsel. *See Covington v. Union Mem'l Hosp.*, No. DKC-22-2655, ECF No. 56 (Sept. 1, 2023). Second, It does not appear that Plaintiffs' claims are complex. Third, it is unclear whether Plaintiffs have any colorable claims. Fourth, there is no evidence that Plaintiffs have attempted to obtain counsel but have been unable to do so. Finally, there is no sign that Plaintiffs cannot prosecute their claims without the assistance of counsel. Plaintiffs' request for the appointment of counsel is **DENIED**.

Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Clerk shall mail a copy of this Memorandum and Order to Plaintiffs, along with two copies of a summons form.

Date:   October 27, 2023                                          /s/
                                                              Timothy J. Sullivan
                                                              Chief United States Magistrate Judge